**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA**
Case No.: 23-CV-60532-RAR

Eureka Cole
     Plaintiff(s),

vs.

Carnival Corporation
     Defendant(s).

_____/

## AMENDED COMPLAINT FOR DAMAGES

Plaintiff, Eureka Cole ("Plaintiff"), by and through undersigned counsel, sues Defendant, Carnival Corporation, stating as follows:

## PARTIES AND JURISDICTION

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. Suit is filed in the Southern District of Florida because of the federal forum selection clause in the Passenger Ticket Contract issued by the Defendant.

4. Plaintiff is *sui juris* and is a resident and citizen of Broward County, Florida.

5. Defendant, Carnival Corporation, is a Florida corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Broward County, Florida and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

6. Defendant, Carnival Corporation, at all times material hereto, personally or through an agent, in the County and in the district in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

8. At all times material hereto, Defendant, Carnival Corporation, owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Conquest.*

9. On or about July 24, 2022, Plaintiff was a fare paying passenger on Defendant's vessel, the *Carnival Conquest,* which was in navigable waters.

10. Following the incident, Plaintiff went to the medical center aboard Defendant's ship where Plaintiff was seen by the ship's medical staff, including its physician, whom diagnosed Plaintiff with an injury to her shoulder.

## COUNT I – NEGLIGENCE

11. Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 11, and further alleges:

12. Defendant Carnival Corporation, owed Plaintiff the duty to exercise reasonable care under the circumstances. This duty included, but was not limited to, the responsibility of a marine carrier of passengers under applicable U.S. maritime common law to supervise and/or assist passengers aboard the vessel who the Defendant knew, or should have known, were engaging, or were likely to engage, in behavior potentially dangerous to themselves or others aboard the vessel.

13. A primary reason why U.S. maritime common law paces these duties upon marine carriers of passengers, rather than leaving it up to the passengers to supervise themselves in what (at least to the passengers) are the unfamiliar surroundings of a cruise ship, is to prevent marine accidents and causalities from occurring aboard vessels navigating on the high seas. Such incidents, unlike shoreside accidents, have the potential and likelihood to disrupt international commerce by diverting vessels from their itineraries for the purpose of obtaining advanced medical treatment and/or to conduct rescue operations and/or to call other vessels and/or shoreside agencies like the U.S. Coast Guard to come to render assistance.

14. Defendant Carnival Corporation knew, or should have known, that the risk and actual occurrences the unfamiliarity of passengers with the cruise ships and cabins, the passenger's lack of knowledge of the several prior, severe injuries which knew to be associated with such areas of the ship.

15. Additional duties imposed on Carnival Corporation, included but were not limited to:

   a. the duty to provide its passengers reasonable care to inspect for, and resolve,

dangerous, hazardous, and/or risk-creating conditions that passengers, including the Plaintiff, will likely encounter;

b. duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers;

c. warn passengers of hazards which passengers may reasonably be expected to encounter.

16. On or about July 24, 2022, Defendant Carnival Corporation, and/or its agents, servants, and/or employees breached the foregoing duties to provide Plaintiff with reasonable care under the circumstances as follows:

a. A crew member of the Carnival Conquest negligently dropped a container while walking across the ship's lido deck resulting in severe injuries to the Plaintiff. Therefore, at all times Carnival Corporation's employees had actual notice of the negligent conduct and dangerous condition which caused the Plaintiff's injury.

17. Plaintiff was injured due to the fault and/or negligence of Defendant Carnival Corporation, and/or its agents, servants, and/or employees as follows:

a. By failing to report and/or tabulate and/or to investigate and/or to analyze and/or to correct and/or to study and/or to even think about the aforementioned prior accidents, incidents, injuries and claims associated with the dangerous condition;

b. Failing to install proper and reasonable safeguards to prevent passengers from being injured

c. Failing to take proper precautions for the safety of passengers entering the subject area;

d. Failing to warn Plaintiff of the risk-creating conditions created by its employees.

e.  Failing to have adequate policies and procedures in place for the transportation of materials and containers onboard the ship;

f.  Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

g.  Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed.

h.  Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence.

i.  Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

j.  Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

k.  Failing to properly and safely instruct passengers of the risks involved

l.  Failing to promulgate and/or enforce rules or procedures to ensure that crew members are adequately supervising the

m.  Failing to engage proper and reasonable safeguards to prevent passengers from being injured while

n.  Failing to adequately train its employees/agents whose duty it was to warn passengers of the inherent and unreasonable dangers and risks associated

o.  Failure to adequately convey to passengers the risk of serious injury or death;

p.  Failing to promulgate and/or enforce adequate policies and/or procedures regarding the inspection and/or maintenance of the subject area;

18.  Defendant Carnival Corporation's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

19.  Defendant Carnival Corporation, either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

20.  As a result of the negligence of Defendant Carnival Corporation, Plaintiff suffered severe bodily injury resulting in pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered permanent physical handicap, loss of earnings, and lost wage-earning capacity as his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

21.  The losses are either permanent or continuing in nature.

22.  Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, Eureka Cole, demands judgment against Defendant Carnival Corporation, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of

capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

Dated: March 23, 2023

Respectfully submitted,

By:

FLORIDA LEGAL, LLC
Attorneys for Plaintiff
12550 Biscayne Boulevard
Suite 405
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030

/s/ Raymond R. Dieppa
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law