UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60532-RAR

**EUREKA COLE**,

    Plaintiff,

v.

**CARNIVAL CORPORATION**,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Amended Complaint for Failure to State a Claim ("Motion"), [ECF No. 6], filed on April 20, 2023. The Court held a hearing on the Motion on May 10, 2023 ("Hearing"), [ECF No. 13]. The Court has reviewed the Motion, Plaintiff's Response, [ECF No. 9], and Defendant's Reply, [ECF No. 12]. For the reasons stated on the record during the Hearing, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 6], is **GRANTED** as follows:

    1.    Plaintiff's Amended Complaint for Damages, [ECF No. 5], is **DISMISSED** *with leave to amend*. As explained at the Hearing, "the notice requirement does not . . . apply to maritime negligence claims proceeding under a theory of vicarious liability." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021). But where a plaintiff proceeds under a theory of direct liability, the defendant must "have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935

(11th Cir. 2022) (alteration in original) (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)).  Plaintiff's allegation that Defendant's employee caused her injury does not establish that Defendant had actual notice of a risk-creating condition.  *See Mclean v. Carnival Corp.*, No. 22-23187, 2023 WL 372061, at *1, *4 (S.D. Fla. Jan. 24, 2023) (concluding the complaint did "not provide sufficient allegations to support claims of direct negligence" where plaintiff alleged that defendant's employees caused her injuries).

2. Therefore, if Plaintiff intends to continue under a theory of direct liability, she must supplement her current allegations with factual matter establishing Defendant's constructive notice of a risk-creating condition.  She may do so by, for example, demonstrating "substantially similar incidents in which conditions substantially similar to the occurrence in question . . . caused [a] prior accident" or that a "defective condition existed for a sufficient period of time to invite corrective measures."  *Newbauer*, 26 F.4th at 935 (alteration accepted) (internal quotation marks omitted) (quoting *Guevara*, 920 F.3d at 720).

3. Plaintiff shall file a Second Amended Complaint in compliance with this Order **within fifteen (15) days** of the date of this Order.

**DONE AND ORDERED** in Miami, Florida, this 10th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**