UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
Case No. 23-cv-60532-RAR

Eureka Cole
     Plaintiff(s),

vs.

Carnival Corporation
     Defendant(s).

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, Eureka Cole ("Plaintiff"), by and through undersigned counsel, sues Defendant, Carnival Corporation, stating as follows:

## PARTIES AND JURISDICTION

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. Suit is filed in the Southern District of Florida because of the federal forum selection clause in the Passenger Ticket Contract issued by the Defendant.

4. Plaintiff is *sui juris* and is a resident and citizen of Broward County, Florida.

5. Defendant, Carnival Corporation, is a Florida corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Broward County, Florida and who maintains its corporate

headquarters and principal place of business in Miami-Dade County, Florida.

6. Defendant, Carnival Corporation, at all times material hereto, personally or through an agent, in the County and in the district in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

8. At all times material hereto, Defendant, Carnival Corporation, owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Conquest.*

9. On or about July 24, 2022, Plaintiff was injured while she was a fare paying passenger on Defendant's vessel, the *Carnival Conquest,* which was in navigable waters.

10. Following the incident, Plaintiff went to the medical center aboard Defendant's ship where Plaintiff was seen by the ship's medical staff, including its physician, whom diagnosed Plaintiff with an injury to her shoulder.

11. All causes of action herein are plead in the alternative and regardless of consistency pursuant to Federal Rule of Civil Procedure 8(d).

## COUNT I – NEGLIGENCE

12. Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 11, and further alleges:

13. Defendant Carnival Corporation owed Plaintiff the duty to exercise reasonable care under the circumstances. This duty included, but was not limited to, the responsibility of a marine carrier of passengers under applicable U.S. maritime common law to supervise and/or assist passengers aboard the vessel who the Defendant knew, or should have known, were engaging, or were likely to engage, in behavior potentially dangerous to themselves or others aboard the vessel.

14. A primary reason why U.S. maritime common law paces these duties upon marine carriers of passengers, rather than leaving it up to the passengers to supervise themselves in what (at least to the passengers) are the unfamiliar surroundings of a cruise ship, is to prevent marine accidents and causalities from occurring aboard vessels navigating on the high seas. Such incidents, unlike shoreside accidents, have the potential and likelihood to disrupt international commerce by diverting vessels from their itineraries for the purpose of obtaining advanced medical treatment and/or to conduct rescue operations and/or to call other vessels and/or shoreside agencies like the U.S. Coast Guard to come to render assistance.

15. At all times material, Defendant owed a duty to its passengers including the Plaintiff of reasonable care which included;

   a. a duty to warn passengers of dangers of which the carrier knows or should know, but which may not be apparent to a reasonable passenger.

   b. duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers;

   c. warn passengers of hazards which passengers may reasonably be expected to

encounter;

16.     Prior to July 24, 2022, Defendant had constructive notice of a dangerous conditions consisting of large storage containers being stacked and left unsecured in haphazard and dangerous manner in the vicinity of its passengers, in that;

a.      In the years preceding the date of the subject incident there had occurred a number of prior incidents on the Defendant's ships involving storage containers and similar equipment and supplies had fallen and injured passengers due to being improperly secured or arranged.

b.      Defendant at all times knew or should have known that containers and other large and bulky items posed a risk of injury on a ship at sea if left improperly secured.

c.      Defendant knew or should have known pursuant to the requirements of its Cargo Securing Manual that any items which could fall or come loose while a ship is underway could result in foreseeable injury to its passengers.

17.     On July 24, 2022, Defendant had actual notice of the dangerous condition consisting of large storage containers being stacked and left unsecured in haphazard and dangerous manner in the vicinity of its passengers, in that;

a.      The storage containers containing dishes were left in plain view of the Defendant in an area the Defendant controlled for a substantial amount of time which was sufficient for Defendant to be aware of the presence of the unsecured containers while the ship was underway.

18.     Additionally, Defendant through its own actions created the unsafe or foreseeably hazardous condition when it either placed or allowed to be placed the unsecured containers in an

open area while the ship was underway and in the vicinity of its passengers.

19. On July 24, 2022, Defendant breached the foregoing duties of care to the Plaintiff when it engaged in the following negligent acts or omissions concerning the subject dangerous conditions of which it knew or should have known.

20. Specifically, on July 24, 2022, Defendant either allowed or directed to be placed a large unsecured, and heavy storage container containing dishes on a platform or table in the vicinity of the Plaintiff while the ship was underway on the ships outdoor lido deck, in a manner which was dangerous and would result in foreseeable harm to the Plaintiff.

21. Subsequently, as a direct and foreseeable result of the dangerous condition created by Defendant, the ship's movement and winds on the open deck caused these containers to fall and cause injury to the Plaintiff when it struck her shoulder.

22. As a result of the negligence of Defendant Carnival Corporation, Plaintiff suffered severe bodily injury resulting in pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered permanent physical handicap, loss of earnings, and lost wage-earning capacity as his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs. The losses are either permanent or continuing in nature. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, Eureka Cole, demands judgment against Defendant Carnival Corporation, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff

will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, and for any and all other relief which the Court deems just or appropriate.

**COUNT II – VICARIOUS LIABILITY/RESPONDEAT SUPERIOR**

23.     Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 11, and further alleges:

24.     At all times Defendant operated the *Carnival Conquest* as cruise ship passenger vessel.

25.     At all times all employees, crew members, workers, and restaurant staff were acting within the course and scope of their employment, at the direction of or on behalf of Defendant as Defendant's employees or lawful agents.

26.     Accordingly, Defendant is vicariously liable for the negligent acts of its employees, crew members, workers, and restaurant staff, which were acting in the course and scope of their employment at the time of the subject incident.

27.     At all times Defendant's employees, crew members, workers, and restaurant staff, owed Plaintiff a duty to exercise reasonable care in the exercise of their job duties, warn of hidden dangers, and refrain from conduct which would create dangerous conditions or create a foreseeable zone of risk to cruise ship passengers including the Plaintiff.

28.     On July 24, 2022, Defendant's employees, crew members, workers, and restaurant staff caused injury to Plaintiff through the following negligent acts while in the course

and scope of their employment:

   a.   Placing unsecured containers containing dishware in area of the ship's lido deck and in the vicinity of passengers while the ship was underway and there were significant winds.

   b.   Failing to follow Defendant's rules, regulations, and protocol for the safe and proper securing and stowing of cargo including containers including dishware on the ship's lido deck.

   c.   Failing to notice, observe, and remedy, an existing dangerous condition consisting of unsecured containers containing dishware in area of the ship's lido deck, and acting timely to correct the dangerous condition.

29.   As a direct and proximate result of the foregoing negligent acts  on July 24, 2022 Defendant's employees or agents either placed, allowed or directed to be placed, a large unsecured, and heavy storage container containing dishes on a platform or table in the vicinity of the Plaintiff while the ship was underway on the ship's outdoor lido deck, in a manner which was dangerous and would result in foreseeable harm to the Plaintiff.

30.   Subsequently, as a direct and foreseeable result of the negligence of Defendant's employees or agents, the ship's movement and winds on the open deck caused these unsecured and hazardous containers to fall and cause injury to the Plaintiff when it struck her shoulder.

31.   As a result of the foregoing negligence of Defendant's employees and agents for which Defendant vicariously liable, Plaintiff incurred the following damages.

32.   Severe bodily injury resulting in pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered permanent

physical handicap, loss of earnings, and lost wage-earning capacity as his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs. The losses are either permanent or continuing in nature. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, Eureka Cole, demands judgment against Defendant Carnival Corporation, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, and for any and all other relief which the Court deems just or appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2023, a true copy of the foregoing was sent via Electronic Mail to:

GrayRobinson, P.A.
Ashley Genoese
Michael J. Drahos
W. Cooper Jarnagin
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747
michael.drahos@gray-robinson.com
cooper.jarnagin@gray-robinson.com
ashley.genoese@gray-robinson.com

By:

FLORIDA LEGAL, LLC
Attorneys for Plaintiff
12550 Biscayne Boulevard
Suite 405
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030

/s/ Raymond R. Dieppa
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law