**UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

Eureka Cole
    Plaintiff(s),

vs.                                                                                      Case No.: 23-cv-60532-RAR

Carnival Corporation
    Defendant(s).

_____/

**<u>LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE TO THE REPUBLIC OF COLOMBIA FOR THE
TAKING OF EVIDENCE FROM
JUAN ESTEBAN VANEGAS GONZALES</u>**

**LETTER OF REQUEST**

Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March
1970 on the Taking of Evidence in Civil or Commercial Matters

By the United States District Court for the Southern District of Florida
**Honorable Rodolfo Ruiz**

**TO THE COLOMBIAN MINISTRY OF FOREIGN AFFAIRS:**

The United States District Court for the Southern District of Florida hereby presents

its compliments to the Ministry of Foreign Affairs, the appropriate judicial authority of the

Republic of Colombia, and requests international judicial assistance to obtain witness

testimony of concerning his personal knowledge of the facts alleged in Plaintiffs' complaint.

This Court requests the assistance described herein pursuant to The Hague Convention

of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as

adopted and implemented in the United States of America at 28 U.S.C. § 1781, and in the Republic of Colombia by the Law 1282 of 2009. The United States District Court for the Southern District of Florida is a competent court of law and equity which properly has jurisdiction over this proceeding and has the power to compel the production of documents both within and outside its jurisdiction.

The witness testimony of Juan Esteban Vanegas Gonzalez is intended for use in civil proceedings before this court in the above-captioned matter, and in the view of this Court will be highly relevant to the allegations underlying Plaintiffs' claims, as **Juan Esteban Vanegas Gonzalez** was a physician who administered medical treatment to the Plaintiff shortly after she was injured on the Defendant's cruise ship.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the Republic of Colombia. In the proper exercise of its authority, this Court has determined that the witness testimony of Juan Esteban Vanegas Gonzalez cannot be secured except by the intervention of the Colombian Ministry of Foreign Affairs.

## <u>LETTER OF REQUEST</u>

1. **Sender.**

   Judge Rodolfo Ruiz
   U.S. District Court for the Southern District of Florida
   Wilkie D. Ferguson, Jr. United States Courthouse
   400 N. Miami Avenue, Courtroom 11-2
   Miami, FL 33128
   USA

2. **Central Authority of the Requested State.**

   Attn: Embajadora Fulvia Elvira Benavides Cotes
   Directora de Asuntos Migratorios, Consulares y Servicio al Ciudadano
   Ministerio de Relaciones Exteriores
   Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano
   Carrera 5 # 9-03
   Bogotá D.C.
   COLOMBIA
   Fax: +57 (1) 381 4747; +57 (1) 561 1796
   Email: fulvia.benavides@cancilleria.gov.co

3. **Person to whom the executed request is to be returned.**

   Raymond R. Dieppa, Esq.
   Florida Bar No. 27690
   E-Mail: ray.dieppa@floridalegal.law
   150 SE 2nd Ave, Suite 1001
   Miami, Florida 33131
   USA
   (t) (305) 901-2209
   (f) (786) 870-4030

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

   This Court asks that receipt of the response to the Letter of Request be returned to Plaintiffs' counsel, Raymond R. Dieppa, identified in No. 3 above, as soon as possible.

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

    a.  Requesting judicial authority (article 3(a))

        Judge Rodolfo Ruiz
        U.S. District Court for the Southern District of Florida
        Wilkie D. Ferguson, Jr. United States Courthouse
        400 N. Miami Avenue, Courtroom 11-2
        Miami, FL 33128
        USA

    b.  To the competent authority of (article 3(a))

        Republic of Colombia

    c.  Name of the case and any identifying number.

        *Eureka Cole vs. Carnival Corporation, Case No. 23-cv-60532-RAR*

6. **Names and addresses of the parties and their representatives (including representatives in the requested State) (article 3(b))**

    a.  Plaintiff(s)

        Eureka Cole
        2670 SW 8th Street, Apt. 4
        Fort Lauderdale, Florida 33312

        Plaintiffs may be contacted through their counsel at the below address:

        Raymond R. Dieppa, Esq.
        Florida Bar No. 27690
        E-Mail: ray.dieppa@floridalegal.law
        150 SE 2nd Ave, Suite 1001
        Miami, Florida 33131
        USA
        (t) (305) 901-2209
        (f) (786) 870-4030

    b.  Defendant(s)

        Defendant Carnival Corporation

c/o Michael J. Drahos
GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747
michael.drahos@gray-robinson.com
cooper.jarnagin@gray-robinson.com
 ashley.genoese@gray-robinson.com

**7.**

a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (article 3(c)).

This is a civil action under tort law for injuries suffered by the Plaintiff when she was on a cruise ship owned by the Defendants on behalf of all plaintiffs. The complaints seek general, special, and noneconomic damages, costs and such other and further relief as the Court deems just and proper.

b. Summary of complaints:

Plaintiff was a passenger on the Defendant's cruise ship on July 24, 2022 when she was struck and injured by falling items on the deck of the ship which caused her severe injuries.

c. Summary of defenses.
Defendant Carnival Corporation denies that the Plaintiff was injured and claims it did not have any notice of the dangerous condition on its cruise ship.

**8.**

a. Evidence to be obtained or other judicial act to be performed (article 3(d))

The Court requests that the Colombian Ministry of Foreign Affairs compel one of its citizens, Juan Esteban Vanegas Gonzalez, to appear and give testimony regarding his personal knowledge of the facts alleged in Plaintiffs' complaints, including his medical care and treatment of the Plaintiff, and his training, experience and qualifications.

b. Purpose of the evidence or judicial act sought

Juan Esteban Vanegas Gonzalez's, testimony is requested regarding his personal knowledge of the allegations in the Complaint. His communications with the Plaintiff and other witnesses. His medical diagnosis, medical records generated, and care and treatment of the Plaintiff, including any future recommendations or referrals.

9. **Identity and address of any person to be examined (article 3(e))**

   Juan Esteban Vanegas Gonzalez
   CARRERA 45 A #80 SUR. 75 APT. 1210,
   MEDELLIN, COLOMBIA
   Email: juanevanegas@gmail.com
   Phone Number: 011-57-321-6246690

10. **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3(f))**

    Juan Esteban Vanegas Gonzalez, will be asked questions regarding his personal knowledge of the facts alleged in Plaintiffs' complaints, including his medical care and treatment of the Plaintiff, and his training, experience and qualifications.

11. **Documents or other property to be inspected (article 3(g))**

    None.

12. **Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3(h)).**

    This Cour requests that the witness agree to testify under oath and penalty of perjury pursuant to the laws of the United States pursuant to 28 U.S.C. 1746, and Federal Rule of Civil Procedure 30, and upon stipulation of the parties to this action. In the alternative, this Court requests that the appropriate Colombian Judicial Authority instruct a person authorized to administrate oaths by the laws of Colombia to take the witness' oath.

13. **Special methods or procedure to be followed (articles 3, i and 9).**

    This Court requests that the appropriate Colombian judicial authority allow Plaintiffs' counsel to take the witness testimony via remote videoconference as provided by Fed. R. Civ. P. 30, and that designated counsel for Defendant then be permitted to further examine the witness. In this manner, the testimony should be recorded by stenographic means and with the assistance of an interpreter.

    Specifically, this Court requests that the witness testimony be taken by an officer designated by the appropriate Colombian Judicial Authority and performed in the manner described below:

- This Court requests that counsel for Plaintiffs and counsel for Defendants be permitted to attend the questioning and to each have a reasonable opportunity to examine and cross-examine the witness, including any questions additional to those in Schedule A, attached.
- This Court requests that the questions posed to the witness and his answers be recorded by a court reporter or by a person able to produce a verbatim transcript of the examination. Counsel for Plaintiffs will provide a reporter certified by the Federal Courts.
- This Court requests that the questioning be conducted with the assistance of an interpreter fluent in the English and Spanish languages. Counsel for Plaintiffs will provide a certified interpreter.

**14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7).**

This Court requests that the appropriate judicial authority permit Juan Esteban Vanegas Gonzalez, to provide testimony via videoconference from a location of his choosing within 30 days of the date of receipt of this request, or otherwise give notice to Plaintiffs' counsel of the date, time, and place where the witness examination is going to take place. Counsel for Plaintiffs will notify all counsel for Defendants, and may be notified as follows:

Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law
150 SE 2nd Ave, Suite 1001
Miami, Florida 33131
USA
(t) (305) 901-2209
(f) (786) 870-4030

**15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8).**

No attendance of judicial personnel of the requesting authority is requested.

**16.  Specifications of privilege or duty to refuse to give evidence under the law of the state of origin (article 11, b)**

The witness may refuse to give evidence insofar as there is a privilege or duty to refuse to give evidence under the laws of the United States or the laws of Colombia.

**17. The fees and costs incurred by which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by.**

Counsel for the Plaintiff(s)
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law
150 SE 2nd Ave, Suite 1001
Miami, Florida 33131
USA
(t) (305) 901-2209
(f) (786) 870-4030


18. Date of Request _____ day of _____ 2023



By: _____
    Judge Rodolfo Ruiz
    U.S. District Court for the Southern District of Florida
    Wilkie D. Ferguson, Jr. United States Courthouse
    400 N. Miami Avenue, Courtroom 11-2
    Miami, FL 33128
    USA

## <u>SCHEDULE A</u>

<u>Topics about which Witness is to be Examined by Plaintiff's Counsel</u>

I.    **Background Information on Witness**

    a.   Name

    b.   Age

    c.   Education

    d.   Training

    e.   Employment history.

II.   **Relationship with Carnival Corporation**

    a.   Job Title

    b.   Duties and Responsibilities

    c.   Job training

    d.   Length of Employment

III.  **Subject incident**

    a.   Notification of injury.

    b.   Statements heard or made regarding the incident and from any witnesses.

    c.   Names of any witnesses.

    d.   Preparation of medical records.

    e.   Examination of the Plaintiff.

    f.   Medical findings.

        i.   Diagnosis

        ii.   Test results

        iii.   Treatment and recommendations.

        iv.   Prognosis.