**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-60532-RAR**

**EUREKA COLE**,

      Plaintiff,

v.

**CARNIVAL CORPORATION**,

      Defendant.

_____/

### ORDER GRANTING MOTION FOR ISSUANCE OF LETTER ROGATORY

**THIS CAUSE** comes before the Court upon Plaintiff's Amended Motion for Issuance of Letters Rogatory to Obtain Testimony ("Motion"), [ECF No. 46]. Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781, and Federal Rule of Civil Procedure 28(b), Plaintiff seeks a Letter Rogatory from this Court requesting judicial assistance from the Colombian Ministry of Foreign Affairs, as the appropriate judicial authority of the Republic of Colombia, to obtain witness testimony from Dr. Juan Esteban Vanegas Gonzalez concerning his personal knowledge of the facts alleged in Plaintiff's Complaint, [ECF No. 1]. For the following reasons, the Motion is **GRANTED.**

### BACKGROUND

This case involves a negligence lawsuit stemming from injuries Plaintiff claims she sustained as a commercial passenger while aboard the Carnival Conquest, a cruise ship owned and operated by the Defendant. *See generally* Compl. Specifically, Plaintiff alleges she was injured when "a crew member of the Carnival Conquest negligently dropped a container while walking

across the ship's lido deck resulting in severe injuries to the Plaintiff." *Id*. ¶ 4.  According to the Plaintiff, documents produced during discovery indicate that Dr. Gonzalez, in his capacity as the Defendant's onboard physician, treated Plaintiff for injuries allegedly sustained while aboard Defendant's ship.  Mot. at 2.  Initially, Plaintiff sought to depose Dr. Gonzalez through the regular civil discovery mechanism, but in email correspondence between the parties dated August 16, 2023, Defendant informed Plaintiff's counsel that Dr. Gonzalez was no longer in Defendant's employ.  *See* [ECF No. 46-1] at 2.  In the same email, Defendant also provided Plaintiff's counsel with Dr. Gonzalez's last known address in Medellin, Colombia.  *Id*.

In the instant Motion, Plaintiff now asks the Court—for the second time—to issue a Letter Rogatory (*i.e.*, a Letter of Request) for international judicial assistance to compel Dr. Gonzalez to testify and produce documentary evidence related to Plaintiff's claims.  *See* Mot. at 1.  On August 25, 2023, this Court denied Plaintiff's first request for a Letter Rogatory concerning Dr. Gonzalez without prejudice.  [ECF No. 45].  In relevant part, that Order directed Plaintiff to first determine "whether Dr. Gonzalez is a United States national or resident" and stated that "[s]hould Plaintiff determine the Court cannot issue the requested subpoena because Dr. Gonzalez is not a United States resident or national, Plaintiff may renew her request for a letter rogatory."  *Id*.

Accordingly, Plaintiff now renews her request, stating in support that Defendant has not provided the requested information concerning whether Dr. Gonzalez "is a resident or national of the United States.  Nor can Plaintiff state with certainty that Dr. Gonzalez is a US resident or national."  Mot. at 1.  Plaintiff also adduces in support of its renewed request the parties' August 16, 2023 email correspondence in which the Defendant stated it had no objection to Plaintiff contacting Dr. Gonzalez nor to serving him with process to obtain his testimony.  [ECF No. 46-1] at 1-2.

**LEGAL STANDARD**

A letter of request, also known as a letter rogatory, is a "document issued by one court to a foreign court, requesting that the foreign court (1) take evidence from a specific person within the foreign jurisdiction or serve process on an individual or corporation within the foreign jurisdiction and (2) return the testimony or proof of service for use in a pending case."  Letter of Request, Black's Law Dictionary (11th ed. 2019) (citing Fed. R. Civ. P. 28).

Pursuant to the Hague Convention and federal law, United States courts may "request the competent authority of another Contracting State, by means of a [l]etter of [r]equest, to obtain evidence, or to perform some other judicial act."  *Convention Adopted at the Eleventh Session of the Hague Conf. on Priv. Int'l L. Oct. 26, 1968*, T.I.A.S. No. 7444 (Oct. 7, 1972),[1] reprinted in 28 U.S.C § 1781; Fed. R. Civ. P. 28(b) (permitting federal courts to issue letters of request to foreign countries); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273 (11th Cir. 2015) (letters of request "are the means by which a court in one country requests a court of another country to assist in the production of evidence located in the foreign country.").

Private parties, including corporations and natural persons, may seek the issuance of letters rogatory for use in underlying lawsuits.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004) ("[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness."); *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-cv-01479-KOB-HNJ, 2019 WL 4687016, at *3 (N.D. Ala. June 6, 2019).  Obtaining evidence includes deposing non-party witnesses in a foreign country.  *See* Fed. R. Civ. P. 28(b) (providing that "[a] deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory'").

---

[1] *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (listing both the United States and Colombia as Contracting Parties to the Convention as of 2012).

Both the issuance and enforcement of letters rogatory "rest entirely upon the comity of courts toward each other . . . ."  22 C.F.R. § 92.54 (2020).  Comity is "the recognition which one nation allows within its territory to the . . . acts of another nation, having due regard both to international duty and convenience, and to the . . . persons who are under the protection of its laws."  *Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895).  In order to "authoriz[e] a formal judicial request to a foreign authority, the Court, in the spirit of comity between nations, must be satisfied that the proposed discovery sought from a non-party is relevant, not overbroad and proportional to the needs of the case."  *Wight v. Bluman*, No. 20-81688, 2021 WL 8999538, at *2 (S.D. Fla. May 6, 2021).

When considering traditional notions of comity, the Supreme Court has reasoned that the court is "responsib[le] . . . to base its [comity] analysis on . . . five factors" when considering a discovery request abroad.  *See Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 544 (1987).  The five factors are as follows: (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance would undermine important interests of the United States, or compliance would undermine important interests of the state where the information is located.  *Id.* at 544 nn.27-28.

In addition to the comity of courts between nations, courts apply the discovery principles contained in Federal Rule of Civil Procedure 26.  *See Roche Diagnostics*, 2019 WL 4687016, at *4. Unless otherwise limited by court order, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim . . . and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

## ANALYSIS

Defendant has conceded the general relevance of Dr. Gonzalez's testimony as reflected in its lack of opposition to Plaintiff's request for the issuance of a letter of request, as well as Defendant's email on August 16, 2023 stating that Defendant had no objection to the request. *See* [ECF No. 46-1] at 1-2.  In light of Defendant's non-opposition and after independent review, the Court concludes the sought-after discovery from Dr. Gonzalez is undeniably relevant to the claims in this action; that it may prove material to the resolution of this action or otherwise lead to material evidence; and that it is proportional to the needs of this case given Dr. Gonzalez's unique position as Plaintiff's treating physician and his special knowledge concerning the injuries alleged by Plaintiff.

The information sought concerning Dr. Gonzalez's treatment of Plaintiff for injuries aboard the Carnival Conquest is directly material to Plaintiff's claims and damages calculations. Plaintiff has proposed an examination schedule focusing specifically on Dr. Gonzalez's background and qualifications along with his diagnosis and treatment of Plaintiff's alleged injuries. These questions have direct bearing on the claims at the heart of Plaintiff's Complaint.  With respect to the balance of interests among nations, the Court is unaware of any evidence suggesting that the interests of Colombia would so outweigh those of the United States to bar the issuance of the letter of request here.  Nonetheless, just as a United States court enforcing a letter of request issued by a foreign court might limit enforcement of the discovery device where appropriate, the Colombian Ministry of Foreign Affairs, charged with enforcing Plaintiff's letter of request, may also limit enforcement of the discovery device where appropriate. *See Roche Diagnostics*, 2019 WL 4687016, at *7 (citations omitted).  Thus, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Amended Motion for Issuance of Letters Rogatory, [ECF No. 46], is **GRANTED**.

In accordance with this Order, the Clerk of Court shall issue the attached Letter of Request seeking the assistance of the Colombian Ministry of Foreign Affairs in taking the deposition testimony of Dr. Juan Esteban Vanegas Gonzalez upon oral examination as a witness in this action. The Clerk of Court is further directed to return the original copies of the issued Letter of Request to Plaintiff's counsel for transmittal to the appropriate representatives for processing. It is further ordered that Defendant shall have the right to obtain copies of any documents that are produced and to participate in any discovery permitted by the Colombian Ministry of Foreign Affairs.

**DONE AND ORDERED** in Miami, Florida, this 11th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**