UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NO. 23-cv-60532-RAR

EUREKA COLE,

        Plaintiff,

v.

CARNIVAL CORPORATION,

        Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby moves for summary judgment for all claims made in Plaintiff's Second Amended Complaint [ECF No. 15], and states as follows:

## I.    INTRODUCTION

Ms. Eureka Cole ("Plaintiff") alleges she sustained injuries after a plastic container lid struck her while she was seated on the open lido deck area of the Carnival *Conquest* cruise ship. Carnival is entitled to summary judgment on all claims made in the Second Amended Complaint. Count I, her direct liability claim, fails because there is no record evidence that Carnival knew or should have known that plastic containers' placement on a service station posed a risk-creating condition to passengers. Count II, her vicarious liability claim, also fails because there is no evidence of a negligent act by a crewmember. Accordingly, Plaintiff fails to meet her burden on essential elements of negligence, and there is no genuine issue of material fact that warrants a trial.

## II.     LEGAL STANDARDS

### a.     Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine

issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

        b.        <u>General Maritime Law Applies</u>

Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322.

To prove negligence, a plaintiff must show: (1) that the defendant had a duty to protect the plaintiff from a particular injury, (2) that the defendant breached the duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered damages. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.")).

## III.    ARGUMENT

Plaintiff's Second Amended Complaint alleges Carnival was negligent under two counts. First, Plaintiff alleges a theory of direct negligence against Carnival as the shipowner because it "allowed or directed to be placed a large unsecured, heavy storage container containing dishes on a platform or table in the vicinity of the Plaintiff while the ship was underway on the ship's outdoor

lido deck, in a manner which was dangerous and would result in foreseeable harm to the Plaintiff. Subsequently, as a direct and foreseeable result of the dangerous condition created by the Defendant, the ship's movement and winds on the open deck caused these containers to fall and cause injury to Plaintiff when it struck her shoulder." ECF No. 15, ¶¶ 20 -21. Second, she alleges vicarious liability against Defendant for the acts of its crewmembers for (1) placing unsecured containers in the vicinity of passengers in significant winds; (2) failing to follow Carnival's rules for safe and proper securing of containers on the ship's lido deck; and (3) failing to remedy the dangerous condition of unsecured containers in the ship's lido deck. *Id*. at ¶¶ 28 -30.

Carnival is entitled to summary judgment as to Count I because there is no evidence that Carnival knew or should have known that the plastic container lids stored in the Lido Deck area constituted a dangerous condition. Under a direct negligence theory, maritime carriers owe a duty of "ordinary reasonable care under the circumstances" to its passengers. *Keefe*, 867 F.2d at 1322. Under this standard, plaintiffs must show, "as a prerequisite to imposing liability, that the carrier ... had actual or constructive notice of the risk-creating condition, at least where ... the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id*.; *see also Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1286 (11th Cir. 2015) ("[T]he maritime standard of reasonable care usually requires that the cruise ship operator have actual or constructive knowledge of the risk-creating condition.").

Put simply, the carrier's liability "hinges on whether it knew or should have known about the" allegedly dangerous condition. *Keefe*, 867 F.2d at 1322; *see also Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020) ("[A] cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it."). Plaintiffs can show constructive notice in two ways. "First, a plaintiff can establish

constructive notice by showing that a 'defective condition existed for a sufficient period of time to invite corrective measures.' Second, a plaintiff can show evidence of 'substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Tesoriero*, 965 F.3d at 1178–79 (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). Further, "[k]nowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous." *Malley v. Royal Caribbean Cruises, Ltd.*, 713 Fed.Appx. 905, 908 (11th Cir. 2017) (citing *Chaparro*, 693 F.3d at 1337).

At the summary judgment stage, Plaintiff has not come forward with any evidence that Carnival had actual or constructive notice that the storage of these plastic containers and lids on the outer lido deck was a risk-creating condition – whether in normal weather conditions or windy conditions. There is no evidence in the record regarding these plastic container lids presenting any safety concern or that they ever injured a passenger previously. Further, there have been no prior incidents involving items hitting guests in the Lido Deck area onboard the *Conquest* for the five-year period preceding Plaintiff's incident. SOF ¶ 25.[1] Moreover, Carnival performed a search of prior incidents across all dining areas on *Conquest*-class vessels for the three-year period preceding Plaintiff's incident, and none involve the plastic container lids Plaintiff alleges injured her here. *Id*. at ¶ 26. Therefore, none of those incidents meet the Eleventh Circuit's substantial similarity doctrine to be admissible at trial as evidence of constructive notice. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287-88 (11th Cir. 2015)

This lack of evidence regarding Carnival's notice means Plaintiff cannot prove Carnival owed her a duty related to her incident. *Keefe*, 867 F.2d at 1322; *Sutton v. Royal Caribbean Cruises*

---

[1] SOF refers to Defendant's Statement of Material Facts in Support of its Motion for Summary Judgment, being filed contemporaneously hereto.

*Ltd.*, 774 Fed.Appx 508, 511 (11th Cir. 2019) (affirming summary judgment where plaintiff identified no prior incidents, accident reports, passenger reviews or complaints, or any other documents evidencing any actual or potential safety issues involving lighting machine); *Cohen v. Carnival Corp.*, 945 F.Supp.2d. 1351, 1355 (S.D. Fla. 2013) (finding no evidence of notice where plaintiff cannot offer "any accident reports, passenger comment reviews or forms, or reports from safety inspections."). Summary Judgment is therefore warranted on Count I of Plaintiff's Second Amended Complaint.

Carnival is also entitled to summary judgment as to Count II – Plaintiff's vicarious liability claim. Under the theory of vicarious liability "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation marks omitted). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021).

Plaintiff fails to meet her burden in showing that any negligent act by a crewmember caused her injury. In *Hodson v. MSC Cruises, S.A.*, Magistrate Judge Goodman recommended summary judgment on the plaintiff's vicarious liability claim where "there was no evidence to prove the essential element of negligence by the purported employee." No. 20-22463-CIV, 2021 WL 3639752, at *13 (S.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, No. 20-22463-CIV, 2021 WL 3634809 (S.D. Fla. Aug. 16, 2021). There, a cruise passenger allegedly slipped on a wet step and fractured her ankle. *Id.* at *1.  Plaintiff alleged, *inter alia*, that the cruise line was vicariously negligent because an unidentified crewmember directed her to use the stairs she

ultimately slipped on. *Id*. at \*11. The Court found this was insufficient to prove negligence, distinguishing the vicarious liability allegations in *Yusko*:

> Plaintiff's only evidence to support her vicarious liability claim in Count V is that an employee told her to use the stairs. That is hardly enough to constitute negligence. Plaintiff's theory would be akin to a crewmember in *Yusko* advising a passenger to visit the room where the dance competition was taking place. Although the *Yusko* plaintiff stated a vicarious liability claim based on the employee who released her hands during a dance move, she would not be able to maintain a claim based on an employee's advice to participate in the competition absent further evidence, such as evidence that the employee knew the dancer was reckless and had previously injured passengers.

*Id*. at \*13.

Similarly here, there is no evidence to support Plaintiff's claim that a crewmember was negligent. There is no record evidence that the storage of the plastic container lids in the open deck area ever presented a safety concern. And, there is no record evidence that the placement of the plastic container lids on the service station was improper or violated any Carnival procedure, or any other industry standard or procedure related to storage of dining equipment. Given that there is no evidence of negligence by any purported employee of Carnival, summary judgment on Count Two is proper. *See Celotex*, 477 U.S. at 322-23 (summary judgment shall be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ... since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *see also T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (the nonmoving party may not rely on the pleadings but must present specific facts creating a genuine issue of material fact).

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court enter summary judgment in Carnival's favor on all claims made in Plaintiff's Second Amended Complaint [ECF No. 15], and for any further relief this Courts deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
W. Cooper Jarnagin
Florida Bar No. 117767
cooper.jarnagin@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Cooper Jarnagin*

**SERVICE LIST**
**CASE NO. 23-cv-60532-RAR**

Raymond Renato Dieppa
FLORIDA LEGAL
12550 Biscayne Blvd., Suite 209
North Miami, FL 33181
Telephone: (305) 901-2209
Facsimile: (786) 870-4030
*ray.dieppa@floridalegal.law*

*Attorney for Plaintiff*