
Ex.4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-60532-RAR

EUREKA COLE,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## DEFENDANT, CARNIVAL CORPORATION'S NOTICE OF SERVICE OF SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its Supplemental Answers to Plaintiff's Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2023, a copy of the foregoing was served via e-mail to the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: __*Cooper Jarnagin*_____
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*
*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**SERVICE LIST**
**CASE NO. 23-cv-60532-RAR**

Raymond Renato Dieppa
FLORIDA LEGAL
12550 Biscayne Blvd., Suite 209
North Miami, FL 33181
Telephone: (305) 901-2209
Facsimile: (786) 870-4030
*ray.dieppa@floridalegal.law*

*Attorney for Plaintiff*

## I.        PRELIMINARY STATEMENT

The party on whose behalf these Responses are given has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any fact as set forth or assumed. All responses are given on the basis of present recollection.

### DEFENDANT'S SUPPLEMENTAL ANSWERS
### TO PLAINTIFF'S INTERROGATORIES

2.        Provide the legal name, address and phone number of the entity or person who you

contend had possession and control over the premises that is the subject of Plaintiff's Complaint.

**RESPONSE: Objection. Defendant objects as there is no temporal limitation on this interrogatory, and is overly broad, unduly burdensome, and disproportionate to the need for discovery in this litigation. See Fed. R. Civ. 26(b)(1).** *See Nat'l Staffing Sols., Inc. v. Sanchez***, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Without waiving the foregoing objections, at the time of the subject incident, the Defendant, Carnival Corporation, 3655 NW 87th Avenue, Miami, FL 33178, had possession and control over the subject vessel, Carnival** *Conquest***, and the areas of the premises at the time of the subject incident.**

3.        Identify each witness or individual with any knowledge regarding this incident of

which you are aware. For each person provide their name address, phone number, and email

address, and indicate whether they currently work for your company, and your understanding of

the subject matter of their anticipated knowledge or testimony.

**RESPONSE: Objection. Defendant objects to providing the personal home addresses, phone numbers, emails addresses, and employment status, of the Ship's Medical Staff and/or employees identified below as an unwarranted invasion of privacy. Without waiving the foregoing objections, to the best of Defendant's knowledge at this time, the following individuals may have knowledge with regard to Plaintiff's alleged accident and/or damages:**

**Eureka Cole, Plaintiff**

**Lucien Cole, Plaintiff's Travel Companion and husband**

**Juan Esteban Vanegas Gonzalez, Ship Physician**
**Currently not on board a Carnival vessel. Home country is Colombia.\***
**c/o GrayRobinson, P.A.**

**Dr. Gonzalez may have knowledge regarding the medical care to Plaintiff on board the subject cruise.**

**Fnu Sivabalan Navaratnam, Ship Physician**

Currently not on board a Carnival vessel. Home country is Malaysia.*
c/o GrayRobinson, P.A.

Dr. Navaratnam may have knowledge regarding the medical care to Plaintiff on board the subject cruise.

Alexandra Ong, Ship Nurse
Ms. Ong is currently scheduled for deposition on September 1, 2023.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Nurse Ong may have knowledge regarding the medical care to Plaintiff on board the subject cruise.

Shruti Bhatia, Mgmt. Trainee D/R II
Currently not onboard a vessel. Ms. Bhatia is presently scheduled for deposition on August 29, 2023.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Ms. Bhatia responded to the scene and assisted Plaintiff to the medical center.

Vikram Thapa, Assistant Chief Security Officer
Currently onboard the Carnival Luminosa, scheduled to sign off on August 31, 2023.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Mr. Thapa investigated the scene after Plaintiff reported the alleged incident.

Plaintiff testified during her deposition that she interacted with a crewmember immediately following her alleged incident. Defendant is currently investigating to determine whether this crewmember can be identified. Defendant will supplement any further information learned.

* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery.

Defendant objects to providing personal contact information for its crewmembers. Their depositions may be scheduled at a mutually convenient date and time.

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

4.    Identify each witness or individual who was in the vicinity of the subject incident for the one hour prior to the subject incident. For each such individual provide their name address, phone number, and email address, and indicate whether they currently work for your company, and your understanding of the subject matter of their anticipated knowledge or testimony.

**RESPONSE: Objection. Defendant objects to this request as to the names, addresses, telephone numbers, and email addresses of each individual who was in the vicinity of the incident for one hour prior to Plaintiff's alleged incident. Plaintiff's request is overly broad in time and scope, disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence. See Fed. R. Civ. 26(b)(1).**

**Without waiving the foregoing objections, upon information and belief, Plaintiff was dining with other traveling companions who were present and may have witnessed the incident. This includes Plaintiff's husband, Lucien Cole.**

**Additionally, Mgmt. Trainee D/R II Shruti Bhatia was notified of the alleged incident and assisted Plaintiff to the medical center. Ms. Bhatia also assisted ACSO Vikram Thapa in investigating the scene of the incident with Plaintiff after she was treated in the medical center. *See* answer to interrogatory no. 3 for contact information.**

**Moreover, the following Assistant Servers were scheduled to work on lido deck 9 at the time of the subject incident. Defendant is currently without knowledge as to whether any of these Assistant Servers were in the immediate area of lido deck 9 aft at the time of Plaintiff's alleged incident.**

1. **Morales Primo, Juan Jhonatan**

2. **Putra, I Putu Agus Kusuma**

3. **Lengkong, Bobby Christian**

4. **Putra, I Putu Kana**

5. **Teti, Lilis**

6. **Cumberbatch, Kareem Hesborne Odel**

7.  **Inpumet, Mayurin**

8.  **Wanmola, Pairin**

9.  **Prayudi, Ida Bagus Trisna**

10. **Sanjaya, Putu Hendra**

11. **Palamine, Bernice Bongales**

12. **Ardhiyanti, Zabrina Bunga**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

5.       Identify each witness or individual who responded to the subject incident including any individual who may have spoken to the Plaintiff. For each such individual provide their name address, phone number, and email address, and indicate whether they currently work for your company, and your understanding of the subject matter of their anticipated knowledge or testimony.

> **RESPONSE: Objection. Defendant objects to this request as to the names, addresses, telephone numbers, and email addresses of each individual who was in the vicinity of the incident for one hour prior to Plaintiff's alleged incident. Plaintiff's request is overly broad in time and scope, disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence. See Fed. R. Civ. 26(b)(1).**
>
> **Without waiving the foregoing objections, Shruti Bhatia, Mgmt. Trainee D/R II, was notified of the subject incident and reported to the scene after the incident occurred. Ms. Bhatia also investigated the alleged incident. Ms. Bhatia is currently scheduled for deposition in this matter on August 29, 2023.**
>
> **Moreover, Assistant Chief Security Officer Vikram Thapa investigated the scene of the incident and spoke with Plaintiff after she was treated within the medical center. Mr. Thapa is currently onboard the Carnival *Luminosa*, scheduled to sign off on August 31, 2023.**
>
> **Plaintiff testified during her deposition that she interacted with a crewmember immediately following her alleged incident. Defendant is currently investigating to**

**determine whether this crewmember can be identified. Defendant will supplement any further information learned.**

**\* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery. Defendant objects to providing personal contact information for its crewmembers.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

6.    Identify each individual who was responsible for the work performed, safety, or maintenance of the area where the subject incident occurred. For each such individual provide their name address, phone number, and email address, and indicate whether they currently work for your company.

> **RESPONSE: Objection. Defendant objects to this request as Plaintiff's request is vague, ambiguous, overly broad in time and scope, disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence. See Fed. R. Civ. 26(b)(1). Further, Defendant objects to providing the names, addresses, telephone numbers, and email addresses of each individual who was responsible for the work performed, safety, or maintenance of the area where the subject incident occurred. Plaintiff's interrogatory is vague, ambiguous, and confusing as to "who was responsible for the work performed," that Defendant cannot reasonably form a response to Plaintiff's request. Defendant further objects as there is no temporal limitation on this interrogatory, and is overly broad, unduly burdensome, and disproportionate to the need for discovery in this litigation. *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**
>
> **Defendant objects to providing the personal home addresses, phone numbers, emails addresses, and employment status, of the Ship's employees identified below as an unwarranted invasion of privacy. Without waiving the foregoing objections, Shruti Bhatia, Mgmt. Trainee D/R II, was notified of the subject incident and reported to the scene after the incident occurred. Ms. Bhatia also assisted in investigating the alleged incident. Ms. Bhatia is currently on board the Carnival *Dream*, and is presently scheduled for deposition on August 29, 2023.**
>
> **Additionally, Defendant has identified assistant servers scheduled to work on lido deck 9 in Defendant's answer to interrogatory no. 4. The assistant servers would be responsible for work performed, safety, and maintaining the service stations.**

**\* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery. Defendant objects to providing personal contact information for its crewmembers.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

7.      Describe in detail all documents, rules, and policies and procedures you were required to comply with on the date of the subject incident which pertain to or concern the securing of cargo, eating utensils, containers, or similar items while the subject vessel was underway at sea.

**RESPONSE: Per the parties' 7.1 discovery conference, Defendant discloses it has no responsive written policies and procedures in effect on the date of the subject incident relating to the securing and storing of objects on the ship's outer deck from its Food Operations Department or Housekeeping Department, which would have control of the dining areas for set up, use, cleaning and maintenance.**

8.      State whether at any time since the date of the incident alleged in the Complaint you, your agents, attorneys, or insurance company contacted the Plaintiff or any other nonparty witnesses, If so provide

     a.   The date of each communication;

     b.   The manner of communication;

     c.   The phone number or email used;

     d.   The name, address, and phone number of the person contacted;

     e.   The reason for the communication;

Ex.4

**RESPONSE: Per the parties' 7.1 discovery conference, Defendant confirms it has had no communications with Plaintiff or any other nonparty witnesses, other than Plaintiff's and her husband's deposition. Defendant also provided notice of subpoenas served to Plaintiff's medical providers identified in her answers to interrogatories.**

10.      Identify each incident where a passenger has been injured by unsecured items or cargo on one of your vessels or ships; for all of your vessels and for the 5 years preceding the subject incident. For each incident include the name of the vessel, the date of the incident, a

description of the incident, and the name, addresses, and phone numbers of all employees, injured parties, and witnesses involved.

**RESPONSE: Defendant** previously responded that there have been no prior incidents of items hitting guests in the Lido Deck area onboard the *Conquest*, in the five years prior to the subject incident.

Per the parties' 7.1 discovery conference, the scope of priors incidents has been expanded to identification of prior incidents involving passengers who were injured by unsecured cargo items in the dining areas of its ships in the three (3) years prior to Plaintiff's alleged incident for *Conquest*-class vessels. Responsive prior incidents are below. Defendant makes no representation that any prior incidents are substantially similar to Plaintiff's alleged incident.

| # | Date/ Location | Name/Contact | Description of Incident |
|---|---|---|---|
| 1 | October 4, 2019 *Valor* Deck 9 Aft, Rosie Restaurant Portside | Steve Young (*See passenger injury statement for contact info*) | Guest was eating on Deck 9 Aft Rosie Restaurant when a piece of metal frame fell on his head, causing laceration injury. |
| 2 | November 10, 2019 *Valor* Deck 3 Atrium Lobby | Mark Rogers, Jr. (*See passenger injury statement for contact info*) | Guest claimed that while he was seated on the couch on deck 3 forward port side lobby, a metal piece of a vacuum cleaner extension fell from above and hit the shin of his left leg, causing injury to his shin. |
| 3 | December 16, 2019 *Freedom* Deck 3 Aft Posh Dining Room | Joan Robinson-Gray (*See passenger injury statement for contact info*) | Guest claimed that while she was having dinner in Posh Dining Room, a waiter dropped one of the brown plastic covers on on the carpeted floor and it bounced back and hit her right ankle, causing her pain. |
| 4 | November 12, 2021 *Freedom* Deck 10, Aft portside Old Fashioned BBQ Restaurant | Mary Rogers (*See passenger injury statement for contact info*) | Guest was seated at table for lunch at Old Fashioned BBQ, when a metal plate allegedly fell from the ceiling and hit her on the right side of her head and shoulder, resulting in contusion to her right shoulder. |
| 5 | July 15, 2022 *Freedom* | Valerie Berry | Guest claims she was sitting at her table waiting for dinner when a server who was |

| | | |
|---|---|---|
| **Deck 3 Forward, Chic Dining Room** | (*See passenger injury statement for contact info*) | carrying a tray of plates accidentally dropped plate onto her head. Guest was treated for a superficial laceration on the scalp. |

14.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge. For each individual specify if they are still employed with your company.

> **RESPONSE: Objection. Defendant objects to providing the personal home addresses, phone numbers, emails addresses, and employment status, of the Ship's Medical Staff and/or employees identified below as an unwarranted invasion of privacy. Without waiving the foregoing objections, upon information and belief,**
>
> **Juan Esteban Vanegas Gonzalez, Ship Physician**
> **Currently not on board a Carnival vessel. Home country is Colombia.***
> **c/o GrayRobinson, P.A.**
>
> **Dr. Gonzalez may have knowledge regarding the medical care to Plaintiff on board the subject cruise.**
>
> **Fnu Sivabalan Navaratnam, Ship Physician**
> **Currently not on board a Carnival vessel. Home country is Malaysia.***
> **c/o GrayRobinson, P.A.**
>
> **Dr. Navaratnam may have knowledge regarding the medical care to Plaintiff on board the subject cruise.**
>
> **Alexandra Ong, Ship Nurse**
> **Ms. Ong is currently scheduled for deposition on September 1, 2023.**
> **c/o Carnival Corporation**
> **3655 NW 87th Avenue**
> **Miami, FL 33178**
>
> **Nurse Ong may have knowledge regarding the medical care to Plaintiff on board the subject cruise.**
>
> **Shruti Bhatia, Mgmt. Trainee D/R II**

> **Ms. Bhatia is currently scheduled for deposition on August 29, 2023.**
> **c/o Carnival Corporation**
> **3655 NW 87th Avenue**
> **Miami, FL 33178**
>
> **Ms. Bhatia may have knowledge regarding the Plaintiff's alleged incident.**

**Plaintiff testified during her deposition that she interacted with a crewmember immediately following her alleged incident. Defendant is currently investigating to determine whether this crewmember can be identified. Defendant will supplement any further information learned.**

**\* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery.**

**Defendant objects to providing personal contact information and employment status for its crewmembers. Their depositions may be scheduled at a mutually convenient date and time.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

**ACKNOWLEDGEMENT AND VERIFICATION OF SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to 28 U.S.C. S 1746(2), I declare under penalty of perjury that while I do not have personal knowledge of all the facts recited in the foregoing Answers to Plaintiff's Initial Interrogatories, the information contained therein has been collected and made available to me by others, and said Answers are true and correct to the best of my information, knowledge and belief based upon the information made available to me and therefore the foregoing Answers are verified on behalf of Carnival Corporation.

**Dated:** ___August 28___ _____, 2023

By:_____

**Monica Borcegue**
Guest Claims Manager
On Behalf of Carnival Corporation