UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-60532-MD

EUREKA COLE,

        Plaintiff,

v.

CARNIVAL CORPORATION,

        Defendant.

_____/

## **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, hereby files its Reply to Plaintiff's Response [ECF No. 75] to Defendant's Motion for Summary Judgment [ECF No. 72], and states as follows:

## **ARGUMENT**

Plaintiff's evidence in response focuses on the ship's procedures at large when there is extreme weather, not the plastic container lids she alleges caused her injury. None of Plaintiff's cited record evidence indicates that Carnival knew or should have known that the subject plastic container lid posed a risk-creating condition to passengers. The Eleventh Circuit "routinely accepts the plaintiff's definition of the dangerous condition(s) that caused his injury." *Weigand v. Royal Caribbean Cruises, Ltd.*, No. 21-12506, 2023 WL 4445948, at *2 (11th Cir. July 11, 2023). Here, Plaintiff alleges the dangerous condition was large storage containers stacked and left unsecured. ECF No. 15, ¶¶ 16 – 17. Plaintiff's husband testified Plaintiff was struck by a plastic container lid while sitting in an outdoor dining area on the *Conquest* vessel's lido deck.

## I.       There is No Evidence of Actual Notice.

Regarding actual notice, there is no evidence here that Carnival took corrective measures based on the plastic containers' placement being unsafe. *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1266 (11th Cir. 2020) is distinguishable from this case. In *Carroll*, a passenger alleged she tripped on a deck chair protruding into a walkway. The Eleventh Circuit found there was evidence of corrective measures to prevent people from tripping over lounge chairs in that walkway. *Id*. Employees testified there was a procedure to ensure that chairs did not protrude or block the walkways. *Id.* A security officer also testified that when deck chairs were pulled out and not put back into place, it could create an "unsafe condition." The *Carroll* court thus found that by Carnival adopting a policy of keeping chairs in-line and ensuring they were not blocking the walkway, this could be evidence of a known danger. *Id*.

There is no comparable evidence of corrective action here involving the plastic container lids. Plaintiff cites to testimony from Carnival employee Shruti Bhatia that Carnival secures items in the dining areas "in the event of high winds." However, Ms. Bhatia was addressing instances where the lido deck is closed and items are secured in extreme weather. ECF No. 71-3 at 45:17 – 6. Ms. Bhatia testified there was no additional precaution necessary in serving food the day of Plaintiff's incident, because "things were not really…flying here and there, and the ship was not going from left to right." *Id*. at 46:7 – 19.  Similarly, Security Officer Vikram Thapa's testimony pertained to the security department and was not indicative of any corrective actions or measures taken by onboard food operations. ECF No. 71-9 at 23:7 – 24:15.

*Horne v. Carnival Corp.*, 741 F. App'x 607, 609 (11th Cir. 2018) is also different. There, the plaintiff had his finger chopped off by a door that slammed shut. The district court granted summary judgment, finding no evidence Carnival had notice of the allegedly hazardous condition

of the winds causing the door to slam. *Id*. There was evidence that the cruise line "sometimes posted signs on the deck door in the event of strong winds" that read "caution, strong winds." *Id*. The Eleventh Circuit found that this past warning sign created a genuine issue of material fact as to notice. *Id*.

Here, the only record evidence of signs being posted is Ms. Bhatia's testimony that when the lido deck was closed, "sorry for the inconvenience" signs would be posted. ECF No. 71-3 at 44:15-23.  This is not evidence of Carnival having notice that the plastic container lids posed a risk-creating condition to passengers. *Guevara v. NCL (Bahamas), Ltd.*, 920 F.3d 710, 721 (11th Cir. 2019) ("Not all warning signs will be evidence of notice; there must also be a connection between the warning and the danger."); *Krug v. Celebrity Cruises, Inc.*, 745 Fed. Appx. 863, 867 (11th Cir. 2018) (holding that summary judgment was appropriate because cruise line had no notice of the alleged dangers associated with cruise line passengers rushing to the stage in order to win a game and host's statement prior to game of "safety is always first" was a "general safety instruction" that did not specifically warn of the dangerous condition—"the accelerating and decelerating in a small space on a ship").  In fact, Plaintiff argues in this case that Carnival failed to provide any warning as to an alleged danger. ECF No. 75, pg. 4.  Therefore, Plaintiff has not provided evidence that Carnival had actual notice of a danger associated with her incident.

II.     **Plaintiff Must Prove Notice, and Cannot Claim Carnival Merely "Created" the Condition.**

Plaintiff argues she does not need to prove notice where she shows a cruise ship operator "creates the unsafe or foreseeably hazardous condition." ECF No. 75 at pg. 5 (citing *Sampson v. Carnival Corp.*, No. 15-24339-Civ-KING/TORRES, 2016 WL 7209844 (S.D. Fla. Dec. 12, 2016), *Long v. Celebrity Cruises, Inc.*, 982 F.Supp.2d 1313, 1316 (S.D. Fla. Aug. 1, 2013), and *Bach-*

*Tuyet Chau v. NCL (Bahamas) Ltd.*, No. 16-21115-CIV, 2017 WL 2901204, at *1 (S.D. Fla. Apr. 26, 2017).

All of the cases that Plaintiff relies on for this proposition were issued before the Eleventh Circuit ambiguously "rejected the possibility that [a cruise] operator could be liable in the absence of actual or constructive notice." *See Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 567 (11th Cir. 2017) (discussing *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1357 (11th Cir. 1990)). *Pizzino* held that *Rockey v. Royal Caribbean Cruise, Ltd.* and its progeny – cases that held a vessel operator could be held liable for "creating" a hazardous condition without evidence of notice – were wrongly decided. The Eleventh Circuit's *Yusko v. NCL (Bahamas), Ltd.* opinion soon followed which re-affirmed the notice requirement under a direct liability theory where a passenger seeks to hold a shipowner liable for maintaining a dangerous premises. 4 F.4th 1164, 1170 (11th Cir. 2021).

In short, Plaintiff cannot rely on *Sampson*, *Long*, or *Bach-Tuyet Chau* to avoid the notice requirement under her direct liability theory in Count I. Evidence of notice is required, and Carnival submits Plaintiff has failed to meet her burden in showing it had actual or constructive notice of a risk-creating condition associated with the plastic container that allegedly injured her.

## III.     Plaintiffs Fails to Provide Evidence of Constructive Notice.

The parties agree regarding the legal standard to establish a cruise operator's constructive notice. However, Plaintiff fails to meet that burden here.

Regarding the "defective condition existing for a sufficient period of time to invite corrective measures" prong, testimony regarding the existence of the stacked containers/plastic lids in allegedly windy conditions is insufficient. Carnival's "knowledge that the condition exists is not sufficient," instead, "a defendant must also know that the condition is dangerous." *Malley v.*

*Royal Caribbean Ltd.*, 713 F. App'x 905, 908 (11th Cir. 2017). There is no evidence in this case that the plastic containers – or the lid(s) that allegedly struck Plaintiff – were ever previously a safety concern. ECF No. 71-4 at 45:13 – 48:1. This lack of evidence regarding the "danger" of the containers indicates that there was no defective condition that "invited corrective measures" by Carnival. *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1179 (11th Cir. 2020).

Concerning prior substantially similar incidents, again, there are no prior incidents involving items hitting guests in the lido deck area onboard the *Conquest* in the five-year period preceding Plaintiff's incident. ECF No. 71, D's SOF ¶ 25. Further, of the prior incidents searched across the *Conquest*-class pertaining to guests being injured by "unsecured cargo items" in dining areas, none of those prior incidents involve the subject plastic container lids. *Id*. at ¶ 26.

Carnival does not contend that prior incidents "need to be identical in every way." ECF No. 75, pg. 8. But, Plaintiff as the proponent of the evidence bears the burden of demonstrating substantial similarity. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) (citing *Heath*, 126 F.3d at 1397 n.12). Courts have distinguished prior incidents from the incident at issue based on various factors. *See generally id.; Taiariol v. MSC Crociere S.A.*, 677 F.App'x 599, 601 (11th Cir. 2017); *Bahr v. NCL (Bahamas) Ltd.*, No. 19-cv-22973-BLOOM/Louis, 2021 WL 4898218, at *4 (S.D. Fla. Oct. 10, 2021), *clarified on denial of reconsideration*, No. 19-CV-22973, 2022 WL 19258 (S.D. Fla. Jan. 3, 2022).

In *Sorrels v. NCL (Bahamas) Ltd.*, the Eleventh Circuit affirmed the district court's ruling excluding evidence of 22 other slip and fall incidents on teakwood flooring in public areas of a cruise ship over a four-year period. There, the plaintiff claimed to have slipped on the pool deck of a cruise ship that was wet from rain. *Sorrels*, 796 F.3d at 1279. The district court found at the summary judgment stage that none of the 22 prior incidents to be introduced could be considered.

First, none occurred where the plaintiff fell. Second, the liquids the other passengers slipped on differed – most involved unknown wet substances – and many reports noted there was no indication of rainwater. Third, some of the other incidents involved other factors such as playing table tennis or falling while running around the pool. *Id.* at 1287. The Eleventh Circuit found the district court acted within its discretion, in part given that only three of the other passengers claimed to have slipped on rainwater, and those passengers were wearing high heels or worn flip flips. *Id.* at 1288.

In *Taiariol v. MSC Crociere S.A.*, the Eleventh Circuit also affirmed the district court's exclusion of prior incidents that were not substantially similar. 677 F.App'x 599, 601. There, plaintiff claimed she slipped on the metal nosing edge of a step while leaving a theater onboard a cruise ship. The district court excluded "similar incidents" because none involved falls caused by the nosing. *Id.* The Eleventh Circuit affirmed, noting that while plaintiff produced incidents of passengers falling down steps, those incidents involved being distracted by a crewmember; tripping on electrical cords, camouflaged steps, or other objects; or slipping on marble stairs or steps not adequately marked. *Id.* Therefore, the prior incidents were not substantially similar to the *Taiariol* plaintiff's own incident.

Also in *Bahr v. NCL (Bahamas) Ltd.*, this Court considered six (6) prior incidents under the substantial similarity doctrine and ruled them all inadmissible. 2021 WL 4898218, at *4. There, plaintiff was walking down a gangway between the vessel and the dock when she slipped and fell near the end of the gangway, which she alleged was wet and slippery. The prior incidents involved (1) a passenger walking backwards while assisting someone in a wheelchair; (2) passengers slipping on entirely different gangways; (3) a fall that plaintiff failed to provide specific detail about; and (4) a slip while on a motor scooter. *Id.* at *5-7. Given the differences between the prior

incidents, and plaintiff's failure to demonstrate similarity between these incidents and her own, the court found the little probative value of those incidents was outweighed by unfair prejudice to the defendant.

Here, Plaintiff relies on five prior incidents to establish constructive notice, but none are substantially similar, and thus none are admissible to prove Carnival should have known of a danger associated with the plastic container lids. *See* ECF No. 75, pgs. 8-9 (listing prior incidents). First, none concern the subject plastic container lids. Second, two of the prior incidents[1] involved a crewmember dropping an item onto a passenger – which Plaintiff has unequivocally denied happened here. ECF No. 71-1 at 56:23 – 57:4. Finally, none involve wind allegedly picking up an unsecured item in an open deck dining space. Thus, while prior incidents need not be identical, Plaintiff cannot meet her burden in showing any of these incidents should have made Carnival aware that the plastic container lids posed a dangerous condition, even in windy conditions. Accordingly, Plaintiff cannot rely on prior incidents to prove constructive notice with regards to her claim.

IV.   **Plaintiff Fails to Provide Evidence of a Negligent Act by a Crewmember to Sustain Her Vicarious Liability Claim.**

With regards to Count II, the parties agree that Plaintiff does not need to provide evidence of notice to sustain her vicarious liability claim. However, Plaintiff has not proffered evidence that a crewmember's negligence was the cause of her alleged injury.

Again, Carnival's procedures regarding "securing" items pertain to extreme weather. ECF No. 71-3 at 45:17 – 6. There is no record evidence that any Carnival crewmember violated a policy by stacking the containers in the manner Plaintiff's husband claimed he observed. Carnival's dining operation does not maintain policies and procedures regarding "securing" their equipment.

---

[1] These incidents are dated December 16, 2019, and July 15, 2022.

ECF No. 71-4 at 60:22 – 61:13, 63:16 – 65:2. Further, while Ms. Bhatia testified that she had previously instructed servers to "cover up" the plastic containers, she did not testify this was to prevent passenger injury or because the lids posed a hazard to passengers. ECF No. 71-4 at 65:1 – 21. Therefore, Plaintiff has not established that Plaintiff's husband's alleged observation of a crewmember stacking containers was an act of negligence that proximately caused his wife's injury.

## V.      Conclusion

Plaintiff fails to meet her burden on essential elements of negligence. Count I fails because there is no record evidence that Carnival had notice that the plastic containers' placement on a service station posed a risk-creating condition to passengers. Count II fails because there is no evidence of a negligent act by a crewmember. Accordingly, there is no genuine issue of material fact that warrants a trial, and this Court should enter summary judgment in Carnival's favor on all claims made in Plaintiff's Second Amended Complaint [ECF No. 15].

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Cooper Jarnagin*
     Michael J. Drahos
     Florida Bar No. 0617059
     michael.drahos@gray-robinson.com
     W. Cooper Jarnagin
     Florida Bar No. 117767
     cooper.jarnagin@gray-robinson.com
     Ashley Genoese
     Florida Bar No. 1019357
     ashley.genoese@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Cooper Jarnagin*

## SERVICE LIST
## CASE NO. 23-cv-60532-MD

Raymond Renato Dieppa
FLORIDA LEGAL
12550 Biscayne Blvd., Suite 209
North Miami, FL 33181
Telephone: (305) 901-2209
Facsimile: (786) 870-4030
*ray.dieppa@floridalegal.law*

*Attorney for Plaintiff*