UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NO. 23-cv-60532-MD

EUREKA COLE,

        Plaintiff,

v.

CARNIVAL CORPORATION,

        Defendant.

_____/

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Local Rule 56.1, hereby files this Reply to Plaintiff's Response [ECF No. 74] to Defendant's Statement of Material Facts in Support of its Motion for Summary Judgment ECF No. 71], and its Response to Plaintiff's Additional Material Facts [ECF No. 74, pg. 6], and states as follows:

**REPLY TO PLAINTIFF'S RESPONSE TO STATEMENT OF MATERIAL FACTS**

7.      Plaintiff's response, citing to her husband's testimony, does not indicate a disputed fact.

8.      Plaintiff's response does not indicate a disputed fact.

9.      Plaintiff's response does not indicate a disputed fact – Plaintiff testified herself she did not have a cut or wound to her left shoulder following the incident. ECF No. 71-1 at 63:11-13.

11.     Plaintiff's response does not indicate a disputed fact.

12.     Plaintiff's response does not indicate a disputed fact.

13.     Plaintiff's response does not indicate a disputed fact.

14.     Disputed as to Plaintiff's characterization that Dr. Gonzalez "observed and diagnosed" Plaintiff with a contusion to her upper back. Dr. Gonzalez testified he diagnosed Plaintiff with a muscle strain. ECF No. 74-3, 19:20-23.

16.     Plaintiff's response does not indicate a disputed fact.

19.     Plaintiff's response does not indicate a disputed fact.

20.     Plaintiff's response does not indicate a disputed fact.

21.     Plaintiff's response does not indicate a disputed fact.

22.     Plaintiff's response does not indicate a disputed fact.

23.     Plaintiff's response does not indicate a disputed fact.

24.     Plaintiff's response does not indicate a disputed fact.

25.     Plaintiff's response does not create a genuine issue of material fact. None of the cited prior incidents occurred in the lido deck area onboard the *Conquest* vessel, where Plaintiff's incident occurred.

26.     Plaintiff's response does not create a genuine issue of material fact. None of the cited prior incidents involve the subject plastic container lid that Plaintiff alleges caused her injury.

### RESPONSE TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

27.     Undisputed that Plaintiff and her husband testified that it was windy to the point they needed to lean forward. Disputed that Carnival's crewmember, Shruti Bhatia, testified as such. Ms. Bhatia testified it was windy when she arrived to meet Plaintiff following the incident, but it wasn't windy all day. *See* ECF No. 71 at 31:19 – 32:11.

28.     Disputed as to Plaintiff's characterization of "high winds." Ms. Bhatia testified that it had been windy on the lido deck in the past. *Id*. at 47:4 – 14.

29.     This is not a statement of fact – it is a legal conclusion. Notwithstanding, undisputed that Carnival has procedures to shut down onboard operations when winds reach certain speeds. ECF No. 71-4 at 79:17 – 80:22. However, on the day of Plaintiff's incident, there was no indication there was any inclement weather or the need to shut down operations. *Id*. at 80:23 – 81:14. Ms. Bhatia testified there was no decision to close the lido deck on the day of Plaintiff's incident, and no need for additional precaution in food operations, because things were not flying "here and there, and the ship was not going from left to right." ECF No. 71-3 at 46:7 – 19.

30.     This is not a statement of fact – it is a legal conclusion. Notwithstanding, disputed as to Plaintiff's characterization that there were "high winds" the day of her incident.  ECF No. 71-3 at 46:7 – 19. Also disputed to the extent Plaintiff suggests Carnival had notice that the plastic lid containers posed a risk-creating conditions to passengers in windy conditions. Corp. Rep at 45:13 – 47:1.

31.     Undisputed that a Carnival crewmember would have been responsible for the placement of the containers.

32.     Disputed as to Plaintiff's characterization that there were "high winds" the day of her incident. ECF No. 71-3 at 46:7 – 19. Undisputed that no warnings were given, because winds on an open deck is an open and obvious condition. Corp. Rep. at 43:14 – 45:11.

33.     Disputed. Security Officer Vikram Thapa testified he did not know if food operations onboard the vessel had protocols and procedure in place if winds are high on ships. ECF No. 71-9 at 23:11 – 20.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Cooper Jarnagin*

**SERVICE LIST**
**CASE NO. 23-cv-60532-MD**

Raymond Renato Dieppa
FLORIDA LEGAL
12550 Biscayne Blvd., Suite 209
North Miami, FL 33181
Telephone: (305) 901-2209
Facsimile: (786) 870-4030
*ray.dieppa@floridalegal.law*

*Attorney for Plaintiff*