UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60532-DAMIAN/STRAUSS

**EUREKA COLE,**

    Plaintiff,

v.

**CARNIVAL CORPORATION,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant's Motion to Tax Costs [DE 131] (the "Motion"). Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the Motion has been referred to me to take all necessary and proper action as required by law [DE 132]. I have reviewed the Motion, the attachments thereto, and all other pertinent portions of the record. In the Motion, Defendant notes that Plaintiff does not oppose the Motion.[1] Nevertheless, for the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART**, with the Court awarding Defendant taxable costs in the amount of **$4,663.25** (which is $69.75 less than the $4,733 that has been requested).

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here

---

[1] Additionally, the deadline to file a response to the Motion was February 20, 2025, and Plaintiff has not filed a response.

is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

On January 7, 2025, following a bench trial held in this matter, the Court entered a Final Judgment [DE 125] in favor of Defendant, which states that Plaintiff shall take nothing by this

action. Thus, Defendant is clearly the prevailing party. Therefore, Defendant is entitled to an award of taxable costs.

Pursuant to the Motion, Defendant seeks an award of the following costs:

| Description | Amount |
|---|---|
| Subpoenas and Service of Process | $550 |
| Depositions and Transcripts | $4,183 |
| **Total** | **$4,733** |

Although Plaintiff has not objected to any of the costs sought, "the Court has an independent duty to only award costs which are lawful and justified under federal law." *Richardson v. Florida Drawbridges Inc.*, No. 21-CV-80803, 2022 WL 3370789, at *1 (S.D. Fla. Aug. 16, 2022).

First, I find that Defendant should be awarded the $550 it has requested for its service of subpoenas in this matter. As indicated above, § 1920(1) permits the taxing of "[f]ees of the clerk and marshal." This includes fees for service of a summons or subpoena by private process servers. *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). However, the service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal. *See W&O*, 213 F.3d at 624. The Marshal charges $65 per hour for each item served (plus travel costs and any other out-of-pocket expenses). 28 C.F.R. § 0.114(a)(3). Here, the amount sought for each subpoena does not exceed $65.[2] Therefore, the Court should award the $550 that Defendant has requested.

Second, I find that Defendant should be awarded $4,113.25 of the $4,183 it has requested in deposition and transcript expenses. The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

---

[2] The charge for one subpoena exceeded $65, but Defendant only seeks $65 for the service of that subpoena.

3

Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000); *see also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015). To satisfy the necessarily obtained requirement, a deposition must only appear to have been reasonably necessary when it was taken. *See W&O*, 213 F.3d at 620-22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391. The party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

Here, Defendant seeks to recover $2,972.75 for the trial transcript. The remainder of the amount sought is for deposition transcripts. As indicated above, Plaintiff does not oppose the Motion (and Plaintiff has not argued that any of the depositions or transcripts were not necessarily obtained for use in the case). Therefore, I find that Defendant is entitled to recover the requested deposition and transcript expenses. However, the backup that Defendant has attached to the Motion for the deposition and transcript expenses [DE 131-2] only adds up to $4,113.25, not $4,183. Therefore, Defendant should be awarded $4,113.25 in deposition and transcript expenses.

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 131] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Defendant taxable costs in the amount of **$4,663.25** ($550 in subpoena/service expenses and $4,113.25 in deposition/transcript expenses).

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 28th day of February 2025.

Jared M. Strauss
United States Magistrate Judge